[No. 1814.]

W. M. WEBB v. THE STATE.

1. EXHIBITION OF A GAMING BANK.— INDICTMENT charges that the appellant and one M. " did unlawfully keep and exhibit a bank for gaming purposes." Objection that the indictment is fatally defective because it charges appellant and M. jointly with committing the offense is not tenable, the rule being that when more than one join in the commission of an offense, all or any number of them may be jointly indicted for it, or each may be separately indicted.

2. SAME — GAMING "BANK" AND GAMING "TABLE" DISTINGUISHED — EVIDENCE.— The proof showed the keeping of a table on which was played the game known as fifteen ball pool, the same being a billiard or pool table. This game was usually played on that table with the understanding that the loser was to pay for the drinks or cigars ordered from the defendant's bar by all the players. Money was also bet on the game by the players. *Held,* that such proof was ample to sustain a conviction for exhibiting a gaming table for the purpose of gaming, had the indictment so charged the offense, but is insufficient to sustain a conviction under an indictment charging the exhibition of a "bank for gaming purposes." To constitute a "bank" within the purview of the statute, there must be a fund of money offered and ready to be staked on all bets others may make against the banker, on the game which he keeps or exhibits. This element is the distinguishing feature between a bank and a gaming table, and is perhaps the only real difference between them.

APPEAL from the County Court of Rusk. Tried below before the Hon. A. J. Smith, County Judge.

The conviction in this case was for unlawfully keeping and exhibiting a gaming bank for gaming purposes. A fine of $25 was imposed by the jury.

It was testified, for the State, that the defendant kept in his saloon in Henderson, Rusk county, Texas, a billiard or pool table, containing six pockets, on which, within the twelve months next preceding this trial, several games of a game known as fifteen ball pool were played. In playing this game it was always understood by the two witnesses who testified, and both had often played on the said table, that the loser was to pay for the drinks or cigars, ordered from the defendant's bar, by those engaged in the game.

The motion for new trial raised the questions discussed in the opinion.

No brief for the appellant has reached the Reporters.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE. I. The indictment charges that the defendant and one Martino "did unlawfully keep and exhibit a bank for

gaming purposes." It is not a valid objection to the indictment that it charges the defendant and Martino jointly, with committing the offense. When more than one join in the commission of an offense, all or any number of them may be jointly indicted for it, or each of them may be indicted separately. (Whart. Cr. Pl. & Pr., § 301.) In all respects the indictment is sufficient, and the court did not err in refusing to quash it. (Code Crim. Proc., art. 361; *Parker* v. *The State*, 13 Texas Ct. App., 213.)

II. It was proved that defendant kept a table upon which was played the game known as fifteen ball pool. This game was usually played on said table with the understanding that the loser in the game would pay for drinks or cigars to be purchased at defendant's bar for all those engaged in the game. The table upon which the game was played was a billiard or pool table. Money was bet on the game by the players. It was not the licensed game of billiards that was played on the table.

If the indictment had charged the defendant with keeping and exhibiting a gaming table for the purpose of gaming, there is no question but that the evidence would amply sustain a conviction upon that charge. But, the charge being that he kept and exhibited a *bank* for gaming purposes, the question is, does the evidence conform to and support such charge? We think it does not. It cannot be held that the game proved to have been kept and exhibited is a *bank* within the meaning of the statute against gaming. The statute uses the words " gaming table *or* bank," evidently meaning two different things. The game, as proved, has all the elements necessary to constitute the structure upon which it is played a gaming table. But it is wanting in the distinctive element necessary to constitute a bank, or banking game. To constitute a bank, there must be a fund of money offered and ready to be staked on all bets others may choose to make against the banker, on the game which he keeps or exhibits. This element is the distinguishing feature between a bank and a gaming table, and is perhaps the only real difference between them. (*Stearnes* v. *The State*, 21 Texas, 692; Bish. on Stat. Cr., § 866.) We must hold that the evidence does not correspond with and support the charge in the indictment, and for this reason the judgment is reversed and the cause remanded.

We have not considered other questions presented in the record because they are not essential to be determined at this time, and may not occur in a future trial of this case. The judgment is reversed and the cause remanded.

*Reversed and remanded.*

[Opinion delivered November 26, 1884.]